WARD, Judge.
By means of a consent judgment Paul Piazza settled his claims against all defendants for $125,000.00 for personal injuries he received when the automobile he was driving was struck by a truck. The remaining issue in the case is the division of liability for the $125,000.00 which requires interpretation of a rental agreement and an insurance policy for the truck which was rented by Avis Leasing Corporation to Dixon Tom-A-Toe Company. The interpretation of these two contracts will determine the extent of the liability of each defendant’s insurer to Piazza. Avis is insured by Liberty Mutual Insurance Company, while Dixon is insured by Sentry Indemnity Company.
The issue arose when Sentry filed a motion for declaratory judgment and, in the alternative, summary judgment, seeking a decree that Liberty’s insurance coverage on the Avis rental truck was $250,000.00 per person. Liberty admitted it was liable to Piazza as Avis’ primary insurer, but insists that its liability was limited to $10,-000.00. The Trial Judge granted summary judgment to Liberty Mutual, and Sentry appeals.
Sentry’s claim that the Liberty policy’s limit is $250,000.00 is based upon language in an “amendatory endorsement” to the policy which defines a “Mini-Lease Program.” Under this program, a lessee of a vehicle for a term of three to eleven months is entitled to $250,000.00 insurance coverage per person for bodily injury. Although Dixon had the Avis truck from April 1 to September 25, 1980, Liberty contends that it was under a day-to-day rental agreement which explicitly provided only $10,000.00 coverage for each person.
The rental agreement, the Liberty policy, and the depositions in evidence support the Trial Judge’s finding that the policy limit was $10,000.00, and we affirm the judgment.
The terms and conditions of the Avis Standard Truck Rental Agreement under which Dixon rented the truck provide:
Renter and any authorized operator as defined in paragraph 2(G) hereof participates as an insured in accordance with the standard provisions of a basic automobile liability policy, against liability arising from the use of the vehicle with limits as follows: If a truck $10,000.00 each person, $20,000.00 each accident for bodily injury, including death, and $5,000.00 each accident for property damage or with limits of liability up to the requirements of the financial responsibility law of the state of other jurisdiction in which an accident may occur, whichever is greater.
The copies of the Agreements between Dixon and Avis show that Avis billed Dixon each month for rental of the truck based on a weekly and daily rate. The Agreement does not mention a “mini-lease” or any other long-term lease arrangement.
Herb Oakes, who was the manager of the Avis truck district office in New Orleans at the time Dixon leased the truck, testified that during his seven years in that office he was unaware of any “mini-lease” program on trucks. He distinguished between “rental” and “lease” of vehicles, explaining, “a rental is usually determined on a short term base; something that the customer was not obligated to for any length of time. A lease was generally when you had a customer signed to a lease agreement for a specified period of time with a specific vehicle.” Oakes further testified that Avis’ standard lease is for one year with a cancellation notice required 50 days prior to the anniversary date, and he knew of no way that a lessee of a truck could get more than $10,000.00 per person coverage from Avis.
Michael J. DeMarco, manager of Dixon Tom-A-Toe Company, testified that his *1144 company frequently rented trucks from Avis whose truck rental office was located near Dixon’s place of business. He stated: “Most of the trucks I rented from them I kept three or four days, a week or two weeks, depending on what the situation would be, maybe as high as four, five, six months,” but regardless of the length of time the truck was kept, the rental agreement was always the same. DeMarco did not know the monetary amount of insurance coverage provided by Avis, but he said that he always requested “full, complete coverage.”
We find nothing in this evidence to support Sentry’s contention that because Dixon kept the Avis truck for six months its rental on a day-to-day or weekly basis was converted to a “Mini-Lease.” Dixon could have returned the truck to Avis at any time without notice and would have been charged only for the weeks and days it actually had possession of the truck. Dixon did not obligate itself to a long-term lease and is not entitled to the insurance coverage Avis provides under such a lease.
Dixon argues that insurance policies are to be construed broadly and in favor of coverage with conflicts and ambiguities resolved against the insurer. We agree. But there are no conflicts or ambiguities in the policy in this case. Dixon is simply not covered by the $250,000.00 limits of liability for the Mini-Lease Program described in the Amendatory Endorsement because it rented the truck under Avis’ standard day-to-day truck rental which provides for $10,-000.00 limits.
Despite Dixon's manager’s lack of knowledge regarding the limits of insurance coverage on the trucks his company regularly rented from Avis, we find that Dixon was a sophisticated corporate customer of Avis and carried its own liability insurance. Under these circumstances, we decline to place a strained construction on the contract provisions in question but rather construe them as reasonably intended by equally knowledgeable and well-advised parties. See, Insurance Company of North America v. John J. Bordlee Contractors, 543 P.Supp. 597 (E.D.La.1982).
For the foregoing reasons the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by Dixon Tom-A-Toe, Inc. and Sentry Mutual Insurance Company.
AFFIRMED.